**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CAROL LEONARD,

                Plaintiff,

vs.                                                  Case No. 2:05-cv-499-FtM-34SPC

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security
Administration,

                Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 21; Report and Recommendation), entered February 14, 2007, recommending that the Commissioner of Social Security's (the Commissioner) decision be affirmed. On February 26, 2007, Plaintiff filed objections to the Report and Recommendation. See Plaintiff's Objections to the Report and Recommendation (Dkt. No. 22; Objections). The Commissioner then filed a response to the Objections on March 12, 2007. See Defendant's Response to Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). Review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

This appeal concerns Plaintiff's second application for Disability Insurance Benefits (DIB), filed February 4, 2002, in which she claims a disability onset date of November 11, 1997. See Transcript of Administrative Proceedings (Dkt. No. 11; Tr. 1) at 17. The application was denied initially and on reconsideration. See id. Then, at Plaintiff's request, on April 7, 2004, a hearing was held before an Administrative Law Judge (ALJ). See id. at 550-81. On July 28, 2004, the ALJ issued a decision denying Plaintiff benefits and finding that Plaintiff could return to her past relevant work as a telemarketer. See id. at 17-29. The Appeals Council (AC) declined to review the ALJ's decision, see id. at 6-8, and Plaintiff filed the instant appeal.

Prior to filing the application currently on appeal, Plaintiff had filed an application for DIB on June 3, 1996, which was denied initially and on reconsideration. See Supplemental Transcript of Administrative Proceedings (Dkt. No. 20; Tr. 2) at 585. After a hearing was

held on July 29, 1997, an ALJ denied Plaintiff's 1996 application on November 10, 1997, finding Plaintiff could return to her past relevant work as a telemarketer. See id. at 597-98, 604. The AC denied review of that decision, and Plaintiff did not seek further appeal. See Tr. 1 at 17.[2]

Plaintiff's overarching argument in this appeal is that the prior ALJ's determination, that Plaintiff's telemarketing experience constitutes past relevant work, was incorrect and "corrupted" the current ALJ's decision. See Objections at 3. In particular, Plaintiff now asserts that the Magistrate Judge erred because her decision ignored the merits of Plaintiff's arguments and instead upheld the current ALJ's decision based on deference to the prior ALJ's decision and due to Plaintiff's failure to raise the past relevant work issue to the current ALJ. See id. at 9-14. However, the Court finds that Plaintiff has mischaracterized the Magistrate Judge's basis for upholding the current ALJ's decision. While the Magistrate Judge did note that Plaintiff's failure to raise the telemarketing issue to the current ALJ gave the ALJ no reason to probe further into that issue, see Report and Recommendation at 16, the Magistrate Judge's Recommendation is not premised solely on Plaintiff's failure to raise

---

[2] Although not raised to the Magistrate Judge, the undersigned, in its discretion, see Stephens v. Tolbert, 471 F.3d 1173, 1177 (11th Cir. 2006) (per curiam), will quickly address Plaintiff's claim that she is disadvantaged in the instant case because she was not represented by an attorney during her 1996 application process, see Objections at 7. Plaintiff cites to Brown v. Shalala, 44 F.3d 931 (11th Cir. 1995) (per curiam), Jones v. Massanari, No. 01-C-0024-C, 2001 WL 34382025 (W.D. Wis. Oct. 18, 2001), and Meroki v. Halter, No. 00 C 2696, 2001 WL 668951 (N.D. Ill. June 14, 2001), in support of this assertion. See id. at 7-9. However, each of these cases concern whether the plaintiff was adequately represented during the hearing being appealed, see Brown, 44 F.3d at 935; Jones, 2001 WL 34382025, at *8; Meroki, 2001 WL 668951, at *5, and therefore, the Court finds them inapplicable to the case at hand. Further, upon the Court's inspection of the record, it appears that, while her attorney may not have attended the 1997 hearing with Plaintiff, Plaintiff had competent representation during that hearing, see Tr. 2 at 604, 635, and was otherwise represented by an attorney during the first application process, including through a request for the AC to review the ALJ's 1997 decision, see Tr. 1 at 288; Tr. 2 at 634. Thus, Plaintiff's assertion that "the inability of her representative to file a complaint in District Court had a chilling effect on her decision not to appeal," Objections at 7, is not well taken.

this issue or on the prior ALJ's determination that Plaintiff's telemarketing experience constituted past relevant work.  Rather, the Magistrate Judge addressed Plaintiff's arguments on the merits and evaluated the evidence to determine whether substantial evidence supported the current ALJ's conclusion that Plaintiff's telemarketing experience constituted past relevant work which Plaintiff retained the ability to perform. See id. at 15-16.

Upon review of the record, the Magistrate Judge found that Plaintiff's testimony from the 1997 hearing provided substantial evidence to support the current ALJ's decision that Plaintiff's past relevant work included telemarketing. See id. at 15.  When questioned by the prior ALJ regarding work she performed within the past 15 years, Plaintiff testified that she had approximately 24 months total experience in different telephone sales positions. See Tr. 2 at 612.  Later in the hearing, while questioning the Vocational Expert (VE), the ALJ stated that Plaintiff's employment as a telephone solicitor "would constitute substantial gainful activity and thus past relevant work." Id. at 630.  Plaintiff did not challenge this conclusion either during the hearing or after the decision was entered. Id. at 630-33.  The VE next described the skills and physical requirements of the job, before expressing the opinion that Plaintiff could return to her past relevant work in a telephone solicitor position. Id. at 631-32.  Again, despite an opportunity to cross-examine the VE, Plaintiff made no effort to present evidence to the contrary. Id. at 632.  The undersigned finds that this evidence provided substantial evidence upon which the current ALJ could conclude that Plaintiff's telemarketing experience should be considered substantial gainful activity and classified as past relevant work. See 20 C.F.R. § 404.1560(b)(1).

The Court further notes that it was not error for the ALJ to consider the evidence from Plaintiff's prior application despite the fact that Plaintiff did not acknowledge her past work in the telemarketing field in the current application. Plaintiff was specifically advised by the current ALJ that he intended to consider evidence from her 1992 application. Tr. 1 at 553. Moreover, although ALJ's conduct an independent review of an applicant's alleged disabilities, they may certainly consider evidence from any prior decisions and hearings. See 20 C.F.R. §§ 404.900(b), 404.1520(a)(3) (stating that all evidence of record will be considered by the ALJ); Naudain v. Apfel, 119 F.Supp.2d 812, 818 (C.D. Ill. 2000) ("[A]n ALJ may properly rely upon evidence presented at a prior hearing in making his determination."); see also Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996) (finding the ALJ's review of conflicting testimony from two prior hearings appropriate); Banks v. Barnhart, 434 F.Supp.2d 800, 808 (C.D. Cal. 2006) (noting that the ALJ relied on vocational expert testimony from a prior hearing).

In this case, during the 2004 hearing, the current ALJ made note of the first decision and stated that he was going to consider the prior file. See Tr. 2 at 553. Additionally, Plaintiff was well aware of the prior ALJ's conclusion that her telemarketing experience constituted past relevant work as his finding that Plaintiff could perform that work provided the basis of the prior ALJ's decision to deny benefits. Thus, to the extent Plaintiff believed her telemarketing experience should not be considered past relevant work in the current application, she should have alerted the current ALJ to this fact. Without doing so, the undersigned agrees with the Magistrate Judge's comment that the current ALJ had no basis from which to conclude that he should probe further into Plaintiff's experience as a

telemarketer.[3]

Plaintiff also asserts that the Magistrate Judge incorrectly stated that she was challenging the current ALJ's assessment of her residual functional capacity (RFC). See Objection at 14; see also Report and Recommendation at 19. Plaintiff notes that she never disputed the ALJ's RFC assessment, but, instead, contended that the limitations the ALJ included in the RFC prevented her from returning to her past work as a telemarketer. See Objections at 14. Moreover, Plaintiff contends that the Magistrate Judge erred in upholding the ALJ's determination that, despite Plaintiff's limitations to simple, repetitive tasks and work that does not require extended concentration or attention, Plaintiff is able to meet the demands of a telemarketing job. See id. at 14-15. Specifically, Plaintiff maintains that a limitation to "simple, repetitive tasks" precludes her from performing work as a telemarketer because the Dictionary of Occupational Titles (DOT) lists the telemarketer position as having a reasoning level of three.[4] See Objections at 16. In support of her position, Plaintiff contends that the Magistrate Judge's reliance on Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), for the proposition that the VE's testimony "trumps" the DOT, is faulty

---

[3] Plaintiff contends that she could not raise the telemarketing issue to the current ALJ because it would have been considered a request to reopen. See Objections at 11. However, the Court notes that, to the extent Plaintiff presented evidence for the ALJ to consider whether her prior telemarketing experience constituted past relevant work for the time period at issue in the current application or whether she retained the ability to perform such work, this would not be a request to reopen. Indeed, as with any DIB application, the ALJ had to determine, for the relevant disability period, whether Plaintiff's prior experience should be considered past relevant work and whether, in light of Plaintiff's assigned residual functional capacity, Plaintiff could return to that past relevant work. See 20 C.F.R. §§ 404.1505(a), 404.1520(a), (f). Thus, although the current ALJ had a duty to develop a full and fair record, Plaintiff bore the burden of demonstrating that she could not return to her past relevant work. See Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).

[4] A reasoning level of 3 means that the individual can "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. 2000), App. C § III.

because SSR 00-4p, which was issued after the Jones decision requires the ALJ to elicit a "reasonable explanation" for a conflict between VE testimony and the DOT. See Objections at 16.

The Court notes that the Magistrate Judge is correct that, in Jones, the Eleventh Circuit held that a VE's testimony "trumps" the DOT when they conflict. See Jones, 190 F.3d at 1229-30. However, as noted above, the Jones decision was issued prior to the Social Security Administration's publication of SSR 00-4p.[5] See generally Jones; SSR 00-4p. In SSR 00-4p, the Social Security Administration recognized that the VE's testimony should generally be consistent with the information contained in the DOT. See SSR 00-4p. Accordingly, when an apparent conflict between the two arises, the SSR directs that the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE['s testimony]." Id. Moreover, the ALJ is obligated to inquire on the record as to whether there are any inconsistencies between a VE's testimony and the DOT. See id. In addition, before the ALJ can rely on the VE's testimony as substantial evidence for his or her determination, he or she must resolve any conflict between the VE's testimony and the DOT. See id. SSR 00-4p provides that "[t]he adjudicator will explain in the determination or decision how he or she resolved the apparent conflict." Id. It also indicates that "[t]he adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified." Id.

---

[5] The Commissioner issued SSR 00-4p on December 4, 2000. See SSR 00-4p. Neither Plaintiff nor the Commissioner referenced this issue in the memoranda filed before the Magistrate Judge. See generally Plaintiff's Memorandum (Dkt. No. 17); Memorandum in Support of the Commissioner's Decision (Dkt. No. 18). Accordingly, the Magistrate Judge did not have the opportunity to consider the impact of SSR 00-49 on the ALJ's decision.

The Eleventh Circuit has not addressed SSR 00-4p. See Estrada v. Barnhart, 417 F.Supp.2d 1299, 1303 (11th Cir. 2006). Nevertheless, "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" See Sullivan v. Zebley, 493 U.S. 521, 531 n.9, 110 S.Ct. 885, 891 n.9, 107 L.Ed.2d 967 (1990) (quoting 20 C.F.R. § 422.408) (1989). Moreover, other courts have interpreted SSR 00-4p to require an ALJ to elicit a "reasonable explanation" for a conflict between a VE's testimony and the DOT. See Hackett v. Barnhart, 395 F.3d 1168, 1174-75 (10th Cir. 2005); Rutherford v. Barnhart, 399 F.3d 546, 557 (3d. Cir. 2005); Estrada, 417 F.Supp.2d at 1303-04; Mendez v. Barnhart, No. 05 Civ. 10568(SHS), 2007 WL 186800, at *13-14 (S.D. N.Y. 2007). Accordingly, the Court finds that, pursuant to SSR 00-4p, when a conflict exists between a VE's testimony and the DOT, an ALJ must elicit a reasonable explanation for the conflict and his or her failure to do so can constitute reversible error.

In accordance with the foregoing, the Court must first consider whether a conflict exists in the instant case between the VE's testimony and the DOT. At the July 29, 1997 hearing, the VE indicated that Plaintiff was capable of performing her past work as a telemarketer despite the ALJ's inclusion of the limitation that Plaintiff could only perform simple, routine, repetitive tasks. See Tr. 2 at 631-32. While the VE initially classified the job of a telemarketer as a semi-skilled position, she later clarified that the position "is borderline unskilled to semi-skilled with an SVP of 3." See id. at 630, 632. As noted by Plaintiff, the DOT classifies the job of a telemarketer (DOT 299.357-014) as having a reasoning level of three, defined as the ability to "[a]pply commonsense understanding to carry out instructions

furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupation Titles (U.S. Dep't of Labor 4th ed. 2000), App. C § III.  A job that is rated as having a reasoning level of one requires the ability to "[a]pply commonsense understanding to carry out simple one- or two- step instructions", and a job that is rated as having a reasoning level of two requires the ability "[a]pply commonsense understanding to carry out <u>detailed</u> but uninvolved written or oral instructions."  See id. (emphasis added); Estrada, 417 F.Supp.2d at 1302.  It is unclear whether the ALJ's assessment that Plaintiff is limited to performing "simple, repetitive tasks" would support a conclusion that Plaintiff is capable of performing a position with a reasoning level of two.  However, it is evident that the VE's testimony that Plaintiff, who the ALJ limited to performing "simple, repetitive tasks," could return to her past work as a telemarketer conflicts with the  reasoning level of three provided by the <u>DOT</u> for the position of a telemarketer.  See Pritchett v. Astrue, No. 06-5130, 2007 WL 867182, at *2 (10th Cir. March 23, 2007) (remanding case to ALJ due to apparent conflict between VE's assessment that Plaintiff who was limited to "simple, repetitive and routine work" could return to her past work and DOT's classification of past work as requiring a reasoning level of three); Carter v. Barnhart, No. 05-38-B-W, 2005 WL 3263936, at *2-3 (D. Me. 2005) (remanding case, pursuant to SSR 00-4p, because the apparent conflict between ALJ's limitation of "simple, repetitive tasks" and DOT's assignment of a reasoning level of three to a job that VE testified plaintiff was capable of performing required the ALJ to question VE regarding the conflict).  Accordingly, the ALJ was obligated to comply with the requirements of SSR 00-4p before relying on the VE's testimony.

The Court must next address whether, as required by SSR 00-4p, the ALJ "elicit[ed] a reasonable explanation for the conflict before relying on the VE['s] testimony" that Plaintiff could return to her past work as a telemarketer. Notably, SSR 00-4p was not in effect at the time of the July 29, 1997 hearing.[6] See SSR 00-4p; Tr. 2 at 604. Thus, the ALJ was not under an obligation to elicit a reasonable explanation for a conflict between the VE's testimony and the DOT. However, by the time of the April 7, 2004 hearing and July 28, 2004 decision, SSR 00-4p was in effect. See SSR 00-4p; Tr. 1 at 29, 550. Nevertheless, the ALJ did not elicit testimony from a VE at the second hearing and, instead, chose to rely on the VE's testimony from the first hearing. See Tr. 1 at 27. Despite the unique circumstances of the timeline that occurred in the instant case, the ALJ was obligated to comply with the requirements of SSR 00-4p at the second hearing before relying on the prior testimony of the VE.

Upon review of the VE's testimony from the first hearing, the Court finds that the ALJ failed to "elicit a reasonable explanation" for the apparent conflict between the VE's testimony that Plaintiff could return to her past work as a telemarketer and the DOT's assignment of a reasoning level of three to this position. See SSR 00-4p. While the ALJ did ask the VE whether Plaintiff could perform her past work as a telemarketer if she was limited to performing "simple, routine, repetitive tasks," the ALJ did not acknowledge the apparent conflict between the VE's testimony and the DOT. See Tr. 2 at 631-32. Moreover, while the Court recognizes that the VE could have relied on her experience and observations in

---

[6] The effective date of SSR 00-4p is December 4, 2000, the date of its publication. See SSR 00-4p.

concluding that Plaintiff could still perform her past work as a telemarketer despite the DOT's assignment of a reasoning level of three to this position, the Court finds that such a conclusion would be mere speculation.  The Court cannot determine, with any certainty, based upon the record before it that the VE would have made such a finding.  Thus, the Court finds that this case should be remanded to the ALJ in order to enable the ALJ to resolve the conflict between the DOT and the VE's testimony pursuant to SSR 00-4p. Accordingly, after conducting an independent examination of the record and Plaintiff's Objections and upon de novo review, the undersigned will **adopt, in part, and reject, in part**, the Magistrate Judge's Report and Recommendation.

In light of the foregoing, it is hereby **ORDERED**:

1) Plaintiff's Objections to the Report and Recommendation (Dkt. No. 22) are **OVERRULED, in part, and SUSTAINED, in part**.

2) The Magistrate Judge's Report and Recommendation (Dkt. No. 21) is **ADOPTED, in part, and, REJECTED, in part**.  The Report and Recommendation is **REJECTED** with respect to the Magistrate Judge's determination that the VE's testimony "trumps" the DOT. In all other respects, the Report and Recommendation is **ADOPTED** as the opinion of this Court.

3)  The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) **REVERSING** the Commissioner's decision and **REMANDING** this matter with instructions to: (1)  resolve the conflict between the DOT and the VE's testimony in accordance with SSR 00-4p; (2) reconsider whether Plaintiff is capable

of performing her past relevant work; and (3) conduct any other proceedings deemed appropriate.

**DONE AND ORDERED** in Chambers, this 30th day of March, 2007.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc2/lc3

Copies to:

The Honorable Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record