# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CAROL LEONARD,

        Plaintiff,

-vs-                                                   Case No. 2:05-cv-499-FtM-34SPC

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff Carol Leonard's Motion for EAJA Attorney's Fees (Doc. #29) filed on May 30, 2007. The Government filed its Response in Opposition on June 26, 2007, (Doc. # 32). On July 7, 2007, the Plaintiff filed a Notice of Supplemental Authority arguing that Commissioner relied in error in his Response on <u>Miller v. Commissioner</u>, 8:06-cv-381-T-23-TGW, arguing that the <u>Miller</u> case was still on appeal before the Eleventh Circuit and therefore, not applicable to this case. The Motion was referred to this Court for a Report and Recommendation (R & R) on April 2, 2009. On April 6, 2009, this Court directed the Plaintiff to file a brief discussing the effect of the Eleventh Circuit Court of Appeals decision in <u>Miller v. Commissioner</u>, on the instant case. On June 1, 2009, the Plaintiff filed her Response (Doc. # 43) to the <u>Miller</u> decision. The Motion is now ripe for review.

## FACTS

The Plaintiff initiated this action seeking relief from a denial on her claim for Disablity Insurance Benefits on October 19, 2005. On February 14, 2007, the Court issued a Report and

Recommendation (R & R) affirming the Commissioner's decision. On March 30, 2007, the District Court entered an Order (Doc. # 24) adopting in part and rejecting in part this Court's R & R affirming the Commissioner's decision. In rejecting the R & R in part, the District Court remanded the case to the Commissioner to explain an apparent conflict between the Vocational Expert's (VE) determination that the Plaintiff could return to her past relevant work as a telemarketer and the DOT's definition of a telemarketer. Under the DOT a telemarketer has a reasoning level of three yet, the ALJ in this instance found the Plaintiff was limited to "simple, repetitive tasks." As such, the District Court found that there was a discrepancy between the DOT's definition of a telemarketer and the VE's testimony that she could return to her past relevant work although she was limited to simple, repetitive tasks.

The District Court remanded the case for the Commissioner to explain the apparent discrepancy between the ALJ's determination and the VE's testimony in light of the fact that the ALJ limited the Plaintiff to simple repetitive tasks. The District Court acknowledged the Eleventh Circuits decision in Jones v. Apfel, 190 F. 3d 1224, 1229-1230 (t11th Cir. 1999), that the VE's testimony trumps the DOT, however, the District Court found that the ALJ failed to comply with SSR 00-4p which requires the ALJ to elicit a "reasonable explanation" for a conflict between the VE and the DOT. Thus, the District Court remanded for the Commissioner to provide a reasonable explanation under SSR 00-4p.

After the case was remanded pursuant to the District Court's Order, the Plaintiff petitioned the Court for attorney's fees and costs pursuant to the Equal Access Justice Act (EAJA). The Government opposes the Motion for Attorney's Fees.

**DISCUSSION**

The Plaintiff states she should be awarded her attorney's fees under the EAJA because she is the prevailing party and the Commissioner's position was not substantially justified. The Commissioner counters that the Plaintiff is not entitled to attorney's fees because the position of the Commissioner was substantially justified, and further, the Plaintiff's request for fees is excessive.

*(1) Whether the Position of the Commissioner was Substantially Justified*

The VE determined the Plaintiff could return to her past relevant work as a telemarketer. Therefore, the Commissioner argues that his objections to the Plaintiff's Motion before the Court were substantially justified. The Plaintiff argues that as the prevailing party in the case and the fact that the ALJ did not follow SSR-04p by clarifying the VE's determination that conflicted with the DOT, that the Commissioner's position was not substantially justified.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Coleman v Astrue, 2008 WL 697299 * 1 (M.D. Fla. March 13, 2008).

In order for the Plaintiff to be awarded fees under the EAJA the following conditions must be established: (1) the Plaintiff must file a timely application for attorney fees, within thirty (30) days of the issuance of the judgment ; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award

unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). All conditions must be met for the attorney's fees to be awarded. 28 U.S.C. § 2412(d).

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A)." Coleman, 2008 WL 697299 at * 1 (citing Shalala v. Schaefer, 509 U.S. 292. 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993)). Because the District Court remanded the case, the Plaintiff is the prevailing party under the Supreme Court's decision in Schaefer.

The only remaining issue argued by the Commissioner in this case is his assertion that his position was substantially justified. Therefore, the Commissioner states the award of attorney's fees should be denied. The Commissioner argues the Court remanded the case for the sole purpose of the Commissioner resolving the conflict found by the Court between the VE's testimony and the DOT's definition of the Plaintiff's past relevant work as a telemarketer. Specifically, the DOT states that a Telemarketer has a reasoning level of three (3), while the ALJ limited the Plaintiff to simple repetitive tasks. According to the DOT, level three (3) reasoning is the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, Vol. 11, 4th Ed.(available online at 1991 WL 688702). *See* Akins v. Commissioner of Social Security, 2009 WL 2913538 *5 (M.D. Fla. September 10, 2009) (description of level 2 and 3 jobs versus simple repetitive tasks). While not entirely clear, it does appear that the DOT descriptions are not consistent with the opinion of the VE that a claimant limited to simple repetitive tasks could perform work at reasoning level 3. Id.

With regard to the issue of whether the Commissioner's position was "substantially justified" the Commissioner must "establish ... that there exists 'special circumstances' which countenance against the awarding of fees." Hagman v. Astrue, 546 F. Supp.2d 1294, 1296 (M.D.Fla. 2007) This means that the Commissioner must show that there was a "reasonable basis both in law and fact" for the "positions it took." Id. "An examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the [Commissioner]." Id. "Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." Id. The government bears the burden of showing that its position was substantially justified, and "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Id. (citing Ashburn v U.S., 740 F. 2d 843, 850 (11th Cir. 1984)).

In this instance, the District Court found that the ALJ did not comply with SSR-04p because the ALJ did not elicit a reasonable explanation for the conflict between the VE's determination that an individual that is limited to simple repetitive tasks could be a telemarketer when the DOT states a telemarketer has a reasoning level of three (3). The District Court citing the Tenth Circuit Court of Appeals from Hackett v. Barnhart, 395 F. 3d 1168, 1174-1175 (10th Cir. 2005), held that under SSR-04p, the ALJ is required to elicit a reasonable explanation for a conflict between a VE's testimony and the DOT. The District Court cited to the Tenth Circuit Court of Appeals along with other circuit courts because, as the District Court noted, the Eleventh Circuit Court of Appeals had not yet ruled on SSR-04p.

Furthermore, the District Court in its Order noted that the SSR-04p ruling was not presented to the Magistrate Judge when she issued her R & R. Therefore, the Magistrate Judge did not have

the opportunity to consider the matter. (Doc. # 24, p. 7 n. 5). The District Court also noted that under Jones v Apfel, the ALJ did not have to reconcile any differences between the VE's testimony and the DOT. (Doc. # 24, p. 7). Thus, any arguments made by the Commissioner to the Magistrate Judge in support of the ALJ's decision were substantially justified on the facts and the law.

The Commissioner now argues that the Eleventh Circuit Court of Appeals has ruled on SSR-04p in Miller v. Commissioner. In Miller, a panel of the Eleventh Circuit held that because social security rulings do not bind the courts, even where an inconsistency exists between the testimony of a VE and the DOT, an ALJ is entitled to rely upon the testimony of the VE without resolving the conflict. 241 Fed. Appx. 631, (11th Cir. July 18, 2007); *See* Akins v. Commissioner of Social Security, 2009 WL 2913538 *5 (M.D. Fla. September 10, 2009) (holding that the rule in the Eleventh Circuit is the VE still trumps DOT).

The Plaintiff incorrectly assumes SSR 00-4p is violated simply where an inconsistency may exist. The interpretation is inconsistent with the law in the Eleventh Circuit predating SSR 00-4p concerning the binding effect of the testimony of a VE when there is a conflict. Before SSR 00-4p was promulgated in December 2000, several circuits had taken different approaches in resolving a conflict between the testimony of a VE and the DOT. However, under the current case law in the Eleventh Circuit an ALJ may rely upon the testimony of a VE without first resolving any conflict with the DOT. Akins, 2009 WL 2913538 at *6. Thus, even through the case was remanded by the District Court, the information presented to the Court and the Commissioner and the case law at the time and the current case law in the Eleventh Circuit confirm that the Commissioner's opposition was substantially justified.

Under the EAJA, if the Commissioner's opposition is substantially justified, the Plaintiff should not receive her attorney's fees. 28 U.S.C. § 2412(d)(1)(A). <u>Coleman</u>, 2008 WL 697299 at * 1. Therefore, it is respectfully recommended that the Plaintiff's Motion for Attorney's Fees should be denied because the Commissioner's opposition was substantially justified based upon the facts and the law.

*(2) Whether the the Plaintiff's Request for Fees is Excessive*

The Court has determined that the Commissioner's opposition to the Plaintiff's case was substantially justified and recommended that the Motion for Attorney's Fees be denied. As such, the determination of whether or not the fees are excessive is moot.

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff Carol Leonard's Motion for EAJA Attorney's Fees (Doc. #29) should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __8th__ day of October, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record