**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CAROL LEONARD,

                    Plaintiff,

vs.                                                   Case No. 2:05-cv-499-FtM-34SPC

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

                    Defendant.
_____/

# **O R D E R**[1]

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 44; Report and Recommendation), entered October 8, 2009, recommending that Plaintiff's Motion for EAJA Fees (Doc. No. 29; EAJA Motion) be denied. See Report and Recommendation at 7. Plaintiff filed objections to the Report and

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

Recommendation. See Plaintiff's Objections to the Report and Recommendation to Deny Equal Access to Justice Act (EAJA) Fees by the Magistrate Judge (Doc. No. 47; Objections). Defendant filed a response to the Objections on November 25, 2009. See Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. No. 48).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report and Recommendation, the Court will overrule the Objections, and, with one exception, accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In the EAJA Motion, Plaintiff requested "an award of attorney's fees in the amount of $6,499.50, paralegal fees in the amount of $36.00, and costs in the amount of $250.00 for a total fee of $6,785.50." See EAJA Motion at 29. "The EAJA authorizes the recovery of three types of litigation expenditures. First, under 28 U.S.C. § 2412(a) a prevailing party opposing the United States in 'any civil action' 'may be awarded' costs as delineated in 28

U.S.C. § 1920." Jean v. Nelson, 863 F.2d 759, 776 (11th Cir. 1988) (internal citation omitted). The second and third types of expenditures authorized by the EAJA, "fees and other expenses," must be awarded to a party who prevails against the United States "in any civil action (other than cases sounding in tort), . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Jean, 863 F.2d at 776-77.[2]

For the reasons stated by the Magistrate Judge in the Report and Recommendation, the Court agrees that, for purposes of the EAJA, while Plaintiff is a prevailing party, Defendant's position was substantially justified. See Report and Recommendation at 4, 7. Thus, the Court agrees that Plaintiff is precluded from recovering "fees and other expenses," including attorney's fees and paralegal fees. See 28 U.S.C. § 2412(d)(1)(A). However, as Defendant acknowledged in its response in opposition to the EAJA Motion, a prevailing party's application for recovery of costs "cannot be defeated by a determination that the position of the Commissioner was substantially justified." See Defendant's Opposition to Plaintiff's Motion for EAJA Fees (Doc. No. 32; Response to EAJA Motion) at 4 n.2; see also Jean, 863 F.2d at 776; 28 U.S.C. § 2412(a). Because Plaintiff's recovery of costs in the amount of $250 is authorized by 28 U.S.C. § 1920, the Court concludes that this sum is recoverable notwithstanding the conclusion that Defendant's position was substantially justified. See 28 U.S.C. §§ 1920, 2412(a); see also Response to EAJA Motion at 4 n.2 ("[T]he Commissioner does not oppose an award of costs[.]").

---

[2] None of the three types of litigation expenditures are available where "otherwise specifically provided by statute[.]" See 28 U.S.C. §§ 2412(a), 2412(d)(1)(A).

Accordingly, after conducting an independent examination of the record and Plaintiff's Objections and upon de novo review, the undersigned will **accept, in part, and reject, in part**, the Magistrate Judge's Report and Recommendation.[3]

In light of the foregoing, it is hereby **ORDERED**:

1) Plaintiff's Plaintiff's Objections to the Report and Recommendation to Deny Equal Access to Justice Act (EAJA) Fees by the Magistrate Judge (Doc. No. 47) are **OVERRULED**.

---

[3] The Court expresses reservation with respect to some portions of the Report and Recommendation's articulation of the governing law. The Court notes these minor discrepancies below, but finds that they do not appear to have impacted the Magistrate Judge's otherwise sound reasoning and analysis.

First, on page 5 of the Report and Recommendation, the Magistrate Judge states that for the Commissioner's position to be substantially justified there must exist special circumstances which countenance against the awarding of fees. See Report and Recommendation at 5 (citing Hagman v. Astrue, 546 F. Supp. 2d 1294, 1296 (M.D. Fla. 2007)). The Court notes, however, that under 28 U.S.C. § 2412(d)(1)(A), fees are to be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Thus, special circumstances are not a prerequisite to substantial justification but rather an alternate method of avoiding fees. See id.; see also United States v. Jones, 125 F.3d 1418, 1426 (11th Cir. 1997); Canady v. Sullivan, 893 F.2d 1241, 1243 (11th Cir. 1990) (per curiam). Nevertheless, it appears to the Court that the Magistrate Judge applied the correct legal standard as to a "substantially justified" determination—whether there was a reasonable basis both in law and fact for the Commissioner's position. See Report and Recommendation at 5; see also Pierce v. Underwood, 487 U.S. 552, 565-66 & n.2 (1988); Jones, 125 F.3d at 1425.

Second, on the same page of the Report and Recommendation, the Magistrate Judge states that Plaintiff is entitled to recover fees unless the government can establish "'that all of its positions were substantially justified[.]'" See Report and Recommendation at 5 (quoting Hagman, 546 F. Supp. 2d at 1296). This proposition derives from a statement by the Eleventh Circuit Court of Appeals in Myers v. Sullivan, 916 F.2d 659, 666-67 & n.5 (11th Cir. 1990) ("Under this inquiry, it is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees."). The Court recognizes, however, that the Eleventh Circuit has subsequently classified this statement as non-binding dictum. See Jones, 125 F.3d at 1427 n.9. Nevertheless, in Jones, the Eleventh Circuit, upon review and consideration of Supreme Court precedent, generally reaffirmed the Myers sentiment. See id. at 1427-28. It bears recognition, however, that the EAJA's reference to a singular "position" of the United States "'buttresses the conclusion that only one threshold determination for the entire civil action is to be made[,]'" and that determination must be made "viewing the case as an inclusive whole[.]" Id. at 1428 (quoting Commissioner, INS v. Jean, 496 U.S. 154, 159 (1990)).

Finally, on page 6 of the Report and Recommendation, the Magistrate Judge discussed a recent unpublished decision by the Eleventh Circuit Court of Appeals, Miller v. Commissioner, 241 F. App'x 631 (11th Cir. 2007) (per curiam). See Report and Recommendation at 6. It appears to the Court that the Magistrate Judge intended to cite a different case by the same name, Miller v. Commissioner, 246 F. App'x 660 (11th Cir. 2007) (per curiam). The latter Miller case supports the propositions discussed by the Magistrate Judge.

2) The Magistrate Judge's Report and Recommendation (Doc. No. 44) is **ACCEPTED, in part, and, REJECTED, in part**. The Report and Recommendation is **REJECTED** to the extent it precludes the recovery of costs authorized under 28 U.S.C. §§ 1920, 2412(a). In all other respects, the Report and Recommendation is **ACCEPTED**.

3) Plaintiff's Motion for EAJA Fees (Doc. No. 29) is **GRANTED, in part, and DENIED, in part**.

4) Plaintiff's Motion for EAJA Fees is **GRANTED** to the extent that, pursuant to 28 U.S.C. § 2412(a), Plaintiff may recover costs authorized under 28 U.S.C. § 1920.

5) In all other respects, Plaintiff's Motion for EAJA Fees is **DENIED**.

**DONE AND ORDERED** in Chambers, this 23rd day of February, 2010.

MARCIA MORALES HOWARD
United States District Judge

lc9

Copies to:

The Honorable Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record